[S.F. No. 24468. Feb. 16, 1983.]

In re JESSE DEAN CANNAN on Suspension.

**COUNSEL**

W. L. Ahrbeck for Petitioner.

No appearance for Respondent.

OPINION

**THE COURT.**—Jesse Dean Cannan, admitted to practice in 1955, was convicted on his guilty plea of four counts of grand theft. (Pen. Code, § 484.) He was sentenced to two years on each count, the terms to run concurrently. Cannan served 16 months in state prison and was placed on parole. On October 25, 1979, we filed an interim suspension order. Since the offense involved moral turpitude, we referred the matter to the State Bar for a hearing, report and recommendation on the question of discipline. Following a hearing, the Review Department recommended that Cannan be suspended for five years but that execution of the order be stayed and that he be placed on probation for five years on conditions including suspension for two years and six months commencing from November 24, 1979, and that he be required to pass the Professional Responsibility Examination and to comply with rule 955, California Rules of Court.

■ This court, after reviewing the entire record and considering the facts and circumstances, has concluded that the recommendation should be adopted with the additional requirement that Cannan be placed on actual suspension for one year after the effective date of this order.

Effective March 18, 1983, Jesse Dean Cannan is ordered suspended from the practice of law in this state for a period of five years. Execution of such suspension is stayed, and he is placed on probation for five years on the following conditions: that he is suspended for the first year of his probationary period and that he comply with the conditions set forth in the minutes of the meeting of the Review Department on February 4, 1982, as modified at its meeting held on March 11, 1982. It is further ordered that he pass the Professional Responsibility Examination within one year (see *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891, fn. 8 [126 Cal.Rptr. 793, 544 P.2d 929]) and that he comply with rule 955, California Rules of Court, and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of this order.